**BALL v NORFOLK & WESTERN RY CO**

Ohio Appeals, 2nd Dist, Franklin Co

No 2353.  Decided Jan 27, 1934

Cowan, Adams & Adams, Columbus, Mc-Laughlin & Staker, Portsmouth, and J. E. Matthews, Columbus, for plaintiff in error.

Henry Bannon, Portsmouth, and James S. Boulger, Columbus, for defendant in error.

KLINGER and GUERNSEY, JJ, (3rd Dist) and WILLIAMS, J, (6th Dist) sitting.

## OPINION

By KLINGER, J.

We will consider these assignments of error in the inverse order in which they are enumerated.

(a) Did the court err in its general charge? We have carefully read and re-read the general charge of the court and in the light of the admissions made by counsel for defendant we fail to see wherein any prejudice could result to the plaintiff in the court's charge.

Claim is made that the trial court failed to define the issues; in the light of the admissions made in the trial statement there was in fact but one question for the jury to decide and that was, did any of the injuries or impairments to the health of the plaintiff result from the fall on August 6th? And this fact is certainly very clearly brought out in the court's general charge and we agree with the trial court that under the state of the record the plaintiff was required to prove that the injuries of which he complains were the direct and proximate result of the accident on August 6th, 1930; and we also agree with the trial court that the burden was upon the plaintiff to prove by a preponderance of the evidence that the injuries which he, in this law suit is seeking to recover compensation for, were the direct and proximate result of the accident and fall on August 6, 1930.

(b) Next, did the court err in allowing the defendant to bring before the jury the company's relief payments? While, in the opinion of this court, the plaintiff would not be barred from his right of recovery for any and all injuries he sustained because of the negligence of the defendant company, however, the railroad company did have the right to show the physical and health condition of the plaintiff prior to the accident for the purpose of showing as to whether or not the conditions and health impairment that he asks to recover for in this suit were the result of the accident and fall or of some previous or other health impairments that he was suffering under and the jury had a right to consider all these factors for this purpose.

The next objection insisted upon was the error in the admission of the testimony of Dr. McIntire. We have carefully read this testimony and, in our opinion, the admis-

sion was proper. The objections made by counsel for plaintiff in error can be urged for the purpose of restricting the testimony for special purposes only but not to exclude the same; had counsel asked that this testimony be limited and the court refused the request there might be some merit to the objection; however, all of this evidence that counsel for plaintiff object to only tends to show the basis for the conclusion arrived at by the physician and hence would affect the weight of the physician's testimony rather than its competency; if the hypothetical or other facts upon which the expert premises his professional opinion are meager or weak then the opinion would not be as convincing or as satisfying to a jury as if it were premised upon more substantial facts.

The next error complained of is that the trial court refused to direct a verdict. We believe that the trial court was right, in the light of the pleadings; this is an action for damages for personal injuries sustained, the defendant denied it in its pleadings and attempted to support its denial by such evidence as it could produce, either by direct examination or cross examination, the contention of the plaintiff, and also these circumstances we do not believe that the trial court would ever he justified in directing a verdict for the plaintiff.

This leaves the question as to whether or not the verdict is against the weight of the evidence. Now, there is much evidence offered by the plaintiff to sustain his claim and quite a substantial amount of evidence is offered by the defendant to the contrary and in the opinion of this court a reviewing court would never be justified in setting aside a verdict of the jury under such circumstances even though the reviewing court might not agree with the jury in its conclusion.

Attorneys for the plaintiff in their brief have cited authorities in support of their contentions; however, upon an examination of all of these cases we find that none of the cases are applicable in the light of the facts in the case at bar and we premise our conclusion largely on the authorities and reasons assigned in **13 Ohio Jurisprudence, pages 297, 302 and 323.**

The finding and judgment of the Court of Common Pleas will be affirmed. Exceptions.

GUERNSEY and WILLIAMS, JJ, concur.